IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GEORGE A. JOMNSON,  )
       Plaintiff,  )
         )
v.  )     No. 3:10-CV-629-N
         )
U.S. ARMY,  )
       Defendant.  )

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is a former United States Army employee. He states Defendant erroneously reported the amount of his wages to the IRS, which caused the IRS to levy fines and garnishments against him. He seeks money damages against Defendant. The Court did not issue process, pending preliminary screening.

## SCREENING

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory.

*Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## **DISCUSSION**

Tort claims against the United States and federal actors arise under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680. "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (835) (2008).

Under the FTCA, a plaintiff must exhaust his administrative remedies prior to filing suit in federal court. *McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). "Exhaustion of administrative remedies is a jurisdiction prerequisite to suit under the Tort Claims Act . . . ." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).

In this case, Plaintiff has failed to allege that he exhausted his administrative remedies in compliance with 28 U.S.C. § 2675(a). (See Answer No. 2, Magistrate Judge's Questionnaire). Consequently, the complaint should be dismissed without prejudice for failure to exhaust.

**RECOMMENDATION**

The Court recommends that the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

Signed this 26th day of July, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).